JHK:sr

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6246-CR-MIDDLEBROOKS

UNITED STATES OF AMERICA,          :

        PLAINTIFF,          :

v.          :

DENNIS D'AGOSTA,          :

        DEFENDANT.          :

_____

## GOVERNMENT'S SENTENCING MEMORANDUM

COMES NOW the United States of America, by and through the undersigned Assistant United States Attorney, and files this short memorandum to aid the Court in the sentence to be imposed.

The Government, having received the P.S.I. of Dennis D'Agosta and reviewed it in its entirety, makes the following observations and recommendations to the Court.

The defendant has demonstrated acceptance of responsibility in the instant case and his other federal case. It appears that this experience has awakened the defendant to the reality of the fraud he was involved in during 1998 and 1999.

We note the Coral Springs mortgage fraud the defendant was involved in was at the same time period he was involved with James Christenson in this investigation.

The defendant received a federal sentence on January 12, 2001 of 30 months

1



imprisonment, and restitution of $116,955.80, and 5 years supervised release. While the two cases are not related, the conduct was, therefore we believe under Sentencing Guideline §5G1.3(c) and commentary 3 and 5, the Court can and should run the sentence in this case concurrent to the sentence imposed in Case No. 00-6256-Cr-ZLOCH.

Should U.S. Probation not hear from the victim institution by the date of sentencing, the Government recommends the following: As to restitution issue, the Government has reviewed the transaction from the subpoenaed documents and can advise the Court the property was purchased by James Christenson in December 1998 for $99,000. The property was sold in February 1999 by Christenson to Mary Christenson (his mother) for $160,000 with the inflated appraisal done by the defendant D'Agosta of $120,000. To simplify determining restitution, the Government and Probation in the Christenson case have utilized a very conventional approach. By using the purchase price paid by James Christenson on the property as being as close to true fair market value as we could get, we then subtract that figure from the amount of the mortgage given by the bank which is always higher than what James Christenson paid for the property. Thus the loss to the financial institution here is approximately $21,000 which does not take into consideration other fees, liens, encumbrances paid by the financial institution. Thus the $21,000 would be a very conservative amount.

| | |
|---|---|
| Mortgage amount | $120,000 |
| FMV of property as purchased by James Christenson | 99,000 |
| Restitution to Bank | $ 21,000 |

Based on the defendants present financial condition, a fine does not appear to be realistic. However, the Government respectfully believes the Court should still per the Plea Agreement

2

order the defendant to pay some of the costs toward the Government's expense of having to retain an expert appraiser. As it appears, this defendant will be on supervised release for a period of five years, that he be ordered to pay to the United States a sum of $4,000 towards those costs, payable over the period of the supervised release.

                        Respectfully submitted,

                        GUY A. LEWIS
                        UNITED STATES ATTORNEY

By: _____
      JEFFREY H. KAY
      ASSISTANT U.S. ATTORNEY
      FLA BAR NO. 208035
      500 E. Broward Blvd. 7th Flr
      Ft. Lauderdale, Fl 33394
      (954) 356-7255
      (954) 356-7336

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed on this 24 day of January, 2001 to U.S. Probation, Kathryn Gomez, 101 N.E. 3rd Avenue, Ft. Lauderdale, Fl 33301 and to Bo Hitchcock, Esq., 613 S.E. 1st Avenue, Ft. Lauderdale, Fl 33301.

_____
JEFFREY H. KAY
ASSISTANT U.S. ATTORNEY

3